UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES GREEN,

    Plaintiff,

v.                                                     Case No. 8:24-cv-1182-KKM-LSG

OFFICER ERIC WILKINSON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The *pro se* plaintiff James Green files an amended motion to proceed on appeal *in forma pauperis*. Doc. 24. For the reasons explained below, I recommend denying Green's amended motion and certifying that his appeal fails to satisfy the "good faith" standard under 28 U.S.C. § 1915(a)(3).[1]

**I.    BACKGROUND**

On May 17, 2024, Green sued five police officers from the Tampa Police Department under 42 U.S.C. § 1983 and alleged that the officers violated his Fourth Amendment rights during an unlawful arrest on October 1, 2019. Doc. 1. Green moved to proceed *in forma pauperis.* Doc. 2. This Court dismissed Green's initial

---

[1] After Green filed his amended motion, the Eleventh Circuit Court of Appeals dismissed Green's appeal for failure to prosecute based on his failing either to pay the filing and docketing fees or to move to proceed *in forma pauperis* in the Eleventh Circuit, as well as his failing to comply with the Eleventh Circuit's order requiring the filing of a Transcript Order Form. Doc. 27 (citing 11th Cir. R. 42-1(b)). However, the Eleventh Circuit's dismissal order and docket appear to overlook the order, Doc. 23, granting Green leave to amend his *in forma pauperis* motion, which Green timely submitted.

complaint without prejudice as an improper shotgun pleading and granted him leave to amend. Doc. 4 at 2.

Green amended his complaint and sued the City of Tampa and five City of Tampa police officers and alleged that his arrest and detention on October 1, 2019, violated his rights under the First Amendment and Fourth Amendment. Doc. 5. Green alleged that while he was driving within the City of Tampa limits the officers stopped him for an outstanding Georgia warrant on a misdemeanor charge, and without reading Green his *Miranda* rights, advising him that he was under arrest, or listening to his explanation that the extradition was unnecessary for misdemeanor charges, the officers forcefully detained, harassed, and humiliated Green. Doc. 5 at ¶¶ 5–16. The amended complaint sought relief under 28 U.S.C. § 1983 and included (1) one count of false arrest and false imprisonment seeking damages for "[m]ental anguish, emotional distress, loss of employment wages, loss of the ability to earn future income" and (2) one count under 42 U.S.C. 1983 for a violation of Green's First Amendment right to freedom of speech. Doc. 5 at ¶¶ 17-25.

This Court reviewed Green's motion to proceed *in forma pauperis* and his amended complaint and found that Florida's four-year statute of limitations barred Green's claims for false arrest, false imprisonment, and violations of the First and Fourth Amendments. Doc. 6 at 2-3 (citing Fla. Stat. § 95.11(3)(o–p) (2019)). The Court also found that Green's claims against the five police officers in their official capacity and his claims against the City of Tampa were deficient. Doc. 6 at 3-4. The

Court took Green's motion to proceed *in forma pauperis* under advisement and granted Green leave to amend his complaint and state a viable claim. Doc. 6 at 4.

In response, Green filed a second amended complaint alleging violations of Green's First Amendment right to freedom of speech, Fourth Amendment right to be free from illegal search and seizure, Fourth Amendment right to be free from malicious prosecution, and Eighth Amendment right to be free from cruel and unusual punishment and excessive force. Doc. 14 at 3. The second amended complaint names the same five police officers as defendants but removes the City of Tampa and names Tampa State Attorney's Office,[2] the former State Attorney Andrew H. Warren, and Assistant State Attorney Nathan Mendoza as defendants. Doc. 14. The second amended complaint raises the same factual allegations surrounding Green's October 2019 arrest as those in his initial complaint, though he also describes (1) the state attorney's charges against him resulting from his arrest and (2) the state attorney's February 28, 2020, decision to abandon those charges based on a ruling that the arrest was unlawful. Doc. 14 at 4-5. Green sought compensatory, non-compensatory, and punitive damages totaling $867,200 and claimed anxiety and stress with physical pain from the unlawful arrest, a lost job and wages, $275 to recover his towed vehicle, the loss of a personal relationship, and continued harassment by the Tampa Police Department. Doc. 14 at 7.

---

[2] I liberally construed the Tampa State Attorney's Office to mean the Hillsborough County State Attorney's Office. Doc. 16 at 3 (citing *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam)).

I issued a report recommending an order denying Green's motion to proceed *in forma pauperis* and dismissing the second amended complaint with prejudice. Doc. 16. The second amended complaint was improperly pleaded, each cause of action in the second amended complaint was time-barred under Florida's four-year statute of limitations, and Green raised no cognizable claim under 42 U.S.C. § 1983. Doc. 16 at 6–14. Green filed no objection to the report and recommendation.

A February 11, 2025, order adopts the report and recommendation, finds that "Green's claims under 42 U.S.C. § 1983 are all barred by Florida's four-year statute of limitations on such claims," and dismisses the case. Doc. 17 at 2 (citing § 95.11(3)(o), Fla. Stat.; *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (per curiam)). The order denies Green's motion to proceed *in forma pauperis* and dismisses his second amended complaint without leave to amend, because further amendment would not cure the defect that his claims are time-barred. Doc. 17 at 2. The Clerk contemporaneously entered a judgment dismissing this action. Doc. 18.

Green timely appealed and moved to proceed on appeal *in forma pauperis*. Docs. 20, 22. An endorsed order denies Green's motion, based on his failure to file the correct affidavit under Rule 24(a)(1), Federal Rule of Appellate Procedure, and grants Green until April 2, 2025, to file an amended motion. Doc. 23. Green timely filed an amended motion and affidavit. Doc. 24.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1915 and Rule 24, Federal Rules of Appellate Procedure, a district court may authorize a litigant to proceed on appeal *in forma pauperis* on a

finding of indigency. Rule 24(a)(1) requires an appellant to file a motion in the district court with an affidavit that "(1) shows . . . the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress, and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). Under Section 1915, a district court "may authorize the commencement . . . of any suit, . . . civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). An affidavit is sufficient if the affidavit shows "that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). The district court has "wide discretion" in deciding an application to proceed *in forma pauperis* under Section 1915. *Id.* at 1306.

However, Section 1915 prohibits an appeal *in forma pauperis* "if the trial court certifies in writing that [the appeal] is not taken in good faith." 28 U.S.C. § 1915(a)(3). Section 1915's "good faith standard" is objective and occurs when a party seeks appellate review of a non-frivolous issue. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Williams v. Saul*, No. 8:20-cv-574-T-30CPT, 2020 WL 5899568, at *2 (M.D. Fla. Sept. 16, 2020), *report and recommendation adopted*, No. 8:20-CV-574-T-30CPT, 2020 WL 5893322 (M.D. Fla. Oct. 5, 2020). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); 28 U.S.C. § 1915(e)(2)(B)(i) ("[T]he court shall dismiss the case at

5

any time if the court determines that . . . the action or appeal . . . is frivolous or malicious.").

## III. DISCUSSION

Even if construed liberally, Green's notice of appeal and the issue cited in his amended motion are without merit in law or fact. *Bilal*, 251 F.3d at 1349. As the district court found, because Green sued in May 2024 on claims related to his October 2019 arrest and to the February 2020 dismissal, the claims in his second amended complaint are time-barred under Florida's four-year statute of limitations. *See* Doc. 16 at 7–8 (citing Fla. Stat. § 95.11(3)(o-p) (2019); Doc. 17 at 2 (citing Fla. Stat. § 95.11(3)(o) (2019); *Chappell*, 340 F.3d at 1283). Because the expiration of the statute of limitations warrants the dismissal of a complaint as frivolous, Green fails to demonstrate "good faith" under 28 U.S.C. § 1915(a)(3) to appeal *in forma pauperis*. *See Smith v. Shorstein*, 217 F. App'x 877, 880 (11th Cir. 2007) ("The expiration of the statute of limitations warrants dismissing a complaint as frivolous.").

Additionally, Green's amended motion says that his "issue[] on appeal" is whether this action "was timely filed due to emergency tolling of the statutes of limitations due to the Court's closure during the Covid Crisis period considered a major disaster from March 2020 to November 2020 per Florida Statute 252.34." Doc. 24 at 1. Green's equitable tolling arguments fail for two reasons. First, Green failed to raise equitable tolling in the district court. Thus, Green failed to preserve this argument for appeal. *Tannenbaum*, 148 F.3d at 1263 (holding that even in pro se pleadings, "issues not raised below are normally deemed waived.").

Second, even if Green raised equitable tolling in the district court, he would not be entitled to tolling. The party seeking to toll a statute of limitations must prove "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016)). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). The Florida legislature enacted Section 95.051(1), Florida Statutes codifying nine conditions that toll the running of the statute of limitations. *See Johnson v. C. Jones*, No. 5:24-CV-272-JSS-PRL, 2024 WL 3917247, at *3 n.2 (M.D. Fla. Aug. 23, 2024). However, none of the enumerated conditions apply to Green's claims in this action.

Here, the district court notified Green that the claims in his amended complaint were time-barred and granted him leave to file a second amended complaint. Doc. 6 at 2-3 (citing Fla. Stat. § 95.11(3)(o–p) (2019)). Yet, Green's second amended complaint fails to address the timeliness of his claims or raise any allegation supporting his contention that the COVID-19 pandemic warrants tolling. Contrary to Green's contention, the district court was not closed from March 2020 through November 2020. Although the district court closed its public intake areas for a period, parties could still file by using CM/ECF or by dropping documents in the

7

secure public drop boxes arranged outside of each Clerk's Office.[3] Thus, Green was still capable of timely filing his claims during the COVID-19 pandemic.

Further, President Biden signed a joint resolution of Congress that terminated the COVID-19 pandemic national emergency on April 10, 2023, and the Secretary of Health and Human Services issued a declaration that the public health emergency expired on May 11, 2023. Act of Apr. 10, 2023, Pub. L. No. 118-3, 137 Stat. 6 (2023); *End of the Federal COVID-19 Public Health Emergency (PHE) Declaration*, Centers for Disease Control and Prevention (May 5, 2023), https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html (last visited Apr. 18, 2025). Green had over four-and-a-half months between the end of the COVID-19 health emergency and the date that the statute of limitations ran on his claims. Thus, Green fails to show either diligence in pursuing his rights or circumstances beyond his control warranting equitable tolling. *Villarreal*, 839 F.3d at 971; *cf. United States v. De La Torre*, No. 20-20185-CR, 2022 WL 20538953, at *14 (S.D. Fla. Oct. 21, 2022) (denying the Government's request to equitably toll statutes of limitations due to the COVID-19 pandemic's impact on Grand Jury service because the record failed to support such an extraordinary relief).

## IV.   CONCLUSION

Accordingly, I recommend an order denying with prejudice Green's motion to

---

[3] United States District Court Middle District of Florida, https://www.flmd.uscourts.gov/public-intake-areas-clerks-offices-middle-district-florida-are-closed-until-further-notice (last visited Apr. 18, 2025).

proceed on appeal *in forma pauperis*, Doc. 22. The order should certify that Green's appeal is without merit and, consequently, not taken in good faith. The order should also instruct the Clerk of the district court to notify the parties and the Eleventh Circuit Court of Appeals of the certification and the denial of Green's motion to proceed on appeal *in forma pauperis*. Fed. R. App. P. 24(a)(4). Finally, if Green cures the Eleventh Circuit's order for failure to prosecute, the district court's order should notify Green that he may move directly in the Eleventh Circuit Court of Appeals to proceed on appeal *in forma pauperis*. Fed. R. App. P. 24(a)(5).[4]

**REPORTED** in Tampa, Florida, on this 23rd day of April, 2025.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge

---

[4] Rule 24-2, Eleventh Circuit Rules states:
    11th Cir. R. 24-2 <u>Motion for Leave to Proceed on Appeal In Forma Pauperis</u>. A motion for leave to proceed on appeal in forma pauperis may be filed in the court of appeals within 30 days after service of notice of the action of the district court denying leave to proceed on appeal in forma pauperis.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the report and recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.